### Tyree v. Smith.

(Decided March 22, 1938.)

T. E. MOORE, JR., for appellant.

G. C. WILSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The appeal is from a $1,500 judgment for injuries to appellee and his car.

The accident happened a short distance from Hazard on Highway No. 15. Appellee Smith, accompanied by A. M. Reese, was driving a Ford car. About 30 feet in front of him and going in the same direction was a Willys Knight roadster belonging to a Mr. and Mrs. Boles. As they approached a point near the ball park a truck belonging to appellant and driven by Clayton Roberts rounded the curve, and came toward them. The truck collided with the Boles car, and later on with the Smith car.

The only ground urged for reversal is the refusal of the trial court to give the following instruction:

"If the jury believes from the evidence that the plaintiff failed to exercise reasonable care to prevent the accident after he saw the collision between the Boles car and the Tyree truck, and further believe that such failure, if any, caused the accident, then the law is for the defendant and you should so find."

It is pointed out that there was evidence tending to show that the Smith car was 100 feet away when the truck and the Boles car collided, and that a Ford car going 30 or 35 miles an hour could have been stopped within its own length or a little over, from which it is argued that the offered instruction was necessary in order to present appellant's side of the case. We find that instruction No. 1, after setting out the various duties of the driver of the truck, and of plaintiff, contains the following:

"And it was the duty of each of them to use the care that an ordinarily prudent person would use under like or similar circumstances, to prevent colliding with another car."

Instruction No. 3 is in part as follows:

"It was the duty of the plaintiff also to use and exercise the care that an ordinarily prudent person

would use and exercise under like or similar circumstances for his own protection and his own safety, and if you shall believe from the evidence that the plaintiff at the time and upon the occasion mentioned in the evidence failed to observe and perform this duty or any one or more of the duties required of him and set out in Instruction No. 1 above, to such an extent that had it not been for such failure on his part the collision with his car would not have occurred, then you can not find for the plaintiff.''

Under these instructions plaintiff could not recover if he failed to use and exercise the care that an ordinarily prudent person would use and exercise under like or similar circumstances ''for his own protection and his own safety,'' or if he failed to use the care that an ordinarily prudent person would use under like or similar circumstances to prevent colliding with the other car, and but for such failure, if any, the accident would not have occurred. Manifestly, the given instructions are all-embracing with respect to the contributory negligence of the plaintiff, and are broad enough to include plaintiff's failure to use ordinary care for his own protection and safety, as well as his failure to use ordinary care to avoid colliding with the Tyree truck, whether such failure occurred prior or subsequent to the collision between the Boles car and the truck. Therefore, it was not error to refuse the offered instruction. McGraw v. Ayers, 248 Ky. 166, 58 S. W. (2d) 378.

Judgment affirmed.